# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALBERTO SALGADO,<br><br>        Petitioner,<br><br>    v.<br><br>M.D. BITER,<br><br>        Respondent. | 1:12-cv-00231 AWI MJS HC<br><br>ORDER GRANTING PETITIONER'S MOTION TO DISREGARD MOTION TO STAY AND DISMISSING UNEXHAUSTED CLAIMS WITHOUT PREJUDICE<br><br>[Docs. 6-7] |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

On February 17, 2012, Petitioner filed the instant petition for writ of habeas corpus in this Court. (Pet., ECF No. 1.) The petition contained three claims: (1) Insufficient evidence to support a finding of great bodily injury, (2) Petitioner's due process was violated when he fell in court and his shackles were revealed, and (3) conflicts of interest with defense counsel. (Id.) On March 12, 2012, Petitioner filed a motion to stay the proceedings to allow Petitioner to exhaust the third claim in state court. (Mot. to Stay, ECF No. 6.) On April 19, 2012, Petitioner filed a motion to disregard the motion to stay, to dismiss his exhausted claims, and proceed with his already exhausted claims.[1] (ECF No. 7.)

The Court shall GRANT Petitioner's motion to disregard the motion to stay the proceeding. As the Court has not ordered the case stayed, Petitioner's motion to lift the stay

---

[1] The Court has liberally construed Petitioner's motion which failed to state which claim was not exhausted. However, based on the attached pleadings, it was apparent that Petitioner's third claim remained unexhausted, and that Petitioner desires to pursue claims one and two. Petitioner should address in his amended petition if he believes the Court misconstrued the intent of his motions.

-1-

is denied as MOOT. However, in Petitioner's motion to disregard the motion to say, he states that he desires to proceed with his unexhausted claims. In order to clarify which claims remain, the Court shall require Petitioner to file an amended complaint containing only the exhausted claims.

Petitioner is advised that an amended petition supercedes the original petition, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. Accordingly, Petitioner's last filed amended petition must contain all the claims Petitioner wishes to present before the Court. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for stay and abeyance is DENIED as MOOT;

2. Petitioner's motion to disregard the motion to stay is GRANTED;

3. Petitioner's is hereby required to file an amended petition with the Court containing only exhausted claims within thirty (30) days from the entry of this order; and

4. The Clerk of Court shall provide Petitioner with a blank petition for writ of habeas corpus form.

IT IS SO ORDERED.

Dated:   June 15, 2012                     /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE